# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

```
STEVE BODNAR,                   )
                                )
Plaintiff,                      )
                                )
vs.                             )    NO. 2:05-CV-198
                                )
WILLIAM ALLEN, et al,           )
                                )
Defendants.                     )
```

## OPINION AND ORDER

This matter is before the Court *sua sponte.*

For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. section 1915A(b)(2). The Clerk is further **ORDERED** to close this case.

BACKGROUND

Pro se Plaintiff, Steve Bodnar, submitted a complaint under 42 U.S.C. section 1983. Bodnar alleges that Lakeside Correctional Facility officials punished him with the loss of earned credit time for placing Dena Schroder on his telephone list.

DISCUSSION

Pursuant to section 1915A(a), a court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity

and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted.  Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6).  *Weiss v. Coloey*, 230 F.3d 1027(7th Cir. 2000).  As stated by the Seventh Circuit Court of Appeals:

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

Bodnar alleges that Counselor William Allen approved a visitors form submitted by Dena Schroder, who had obtained a restraining order against Bodnar not to contact her.  Bodnar then put Schroder on his

phone list so that he could call her.  Even though Counselor Allen had approved Schroder as a visitor, Investigator William McGinnis wrote a conduct report against Bodnar for attempting to contact Schroder by telephone.  A prison disciplinary board found Bodnar guilty of the charge, demoted him in time earning classification, and took 165 days of earned credit time from him.

Bodnar brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.  *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984).  "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of  § 1983."  *Heck v. Humphrey*, 512 U.S. 477, 481  (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). Because the loss of good time credits increases the length of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification.  *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

Bodnar seeks damages rather than restoration of earned credit time.  But his damage claim is barred at this point by *Heck*, 512 U.S. at 486-87, which provides that if the remedy sought under section 1983 would require a finding or judgment that would have the effect of invalidating a conviction or sentence, the plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The *Heck* doctrine applies to prison disciplinary hearings where the plaintiff lost good time credits or was demoted in credit time earning classification. *Edwards v. Balisok*, 520 U.S. 641 (1997).

To award damages to Bodnar because he was disciplined for attempting to contact Schroder would require a finding that the disciplinary board's finding of guilt was invalid. Because the relief Bodnar requests would render the board's finding of guilt invalid, his section 1983 complaint is premature. Accordingly, the Court dismisses Plaintiff's Complaint without prejudice to the Plaintiff's right to file a petition for writ of habeas corpus challenging the loss of earned credit time and his right to refile his damage claim if he is able to have the disciplinary board's finding of guilt set aside.


<u>CONCLUSION</u>

For the reasons set forth above, the Clerk is **ORDERED** to **DISMISS** Plaintiff's Complaint without prejudice to his right to file a petition for writ of habeas corpus challenging the loss of earned credit time and to his right to file a complaint for damages pursuant to 42 U.S.C. section 1983 if he is able to get the disciplinary board's finding of guilt overturned. The Clerk is **FURTHER ORDERED** to close this case.


DATED:  November 22, 2005          /s/RUDY LOZANO, Judge
                                   **United States District Court**


-4-